IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARL DAVIS VAUGHN, JR.,          )
                                 )
        Plaintiff,               )
                                 )
    v.                           )     1:23-cv-975
                                 )
NAVY FEDERAL CREDIT UNION,       )
                                 )
        Defendant.               )
```

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is a Motion to Dismiss filed by Defendant Navy Federal Credit Union,[1] (Doc. 16), Plaintiff's "Motion for Removal with Prejudice to Compel Arbitration," (Doc. 26), Plaintiff's "Motion to Demand the Court to Compel the Defendants Respond to Plaintiff's Truth Affidavit Point by Point Exact," (Doc. 31), and Plaintiff's Motion for Default Judgment, (Doc. 34). For the reasons stated herein, Defendant's Motion to Dismiss will be granted and Plaintiff's three motions will be denied as moot.

---

[1] Plaintiff, in filing this lawsuit, incorrectly named the Defendant "Navy Federal Financial Group." Defendant instructs that the correct legal entity is "Navy Federal Credit Union." (Doc. 16 at 1.)

I.  **FACTUAL BACKGROUND**

Although difficult to ascertain, the facts appear to be as follows. It appears that Plaintiff owed Defendant a sum of money in debt. (Doc. 11 at 5.)[2] It then appears that Plaintiff tried to discharge this debt, by repeatedly contacting Navy Credit by letter and requesting that they transfer money from an unknown account to discharge the debt. (Doc. 1-2 at 7-9.) Part of Plaintiff's written request was that Defendant Navy Credit provide him with the details regarding this account. (Doc. 1-2 at 7) ("I need the name, number, and address of the bank where my payments and securities are held.") Defendant Navy Federal responded to these letters by alerting Plaintiff that he had not provided them with any form of cognizable tender and that he remained responsible for repayment of his debt. (Doc. 1-2 at 11-13, 15.)

II. **PROCEDURAL HISTORY**

Plaintiff initially filed his complaint in North Carolina state court and Defendant removed the case to federal court on November 13, 2023. (Doc. 1.) Plaintiff filed an Amended Complaint on December 11, 2023. (Amended Complaint ("Am.

---

[2] All citations in this memorandum opinion and order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Compl.") (Doc. 11).) Defendant filed a Motion to Dismiss on December 27, 2023, (Def.'s Mot. to Dismiss for Failure to State a Claim ("Def.'s Mot.") (Doc. 16)), and a supporting memorandum of law, (Def.'s Mem. of Law in Support of Def. Mot. ("Def.'s Mem.") (Doc. 17)). Plaintiff filed a response in opposition to Defendant's Motion to Dismiss on February 20, 2024. (Pl.'s Resp. in Opp'n to Def.'s Mot. ("Pl.'s Resp.") (Doc. 27).) Defendant filed a reply on March 4, 2024. (Def.'s Reply in Support ("Def.'s Reply") (Doc. 29).)

On February 14, 2024, Plaintiff filed a "Motion for Removal with Prejudice to Compel Arbitration." (Pl.'s Mot. for Removal ("Pl.'s Mot.") (Doc. 26).) Defendant responded in opposition on March 5, 2024. (Def.'s Resp. in Opp'n to Pl.'s Mot. ("Def.'s Resp.") (Doc. 30).)

Plaintiff also filed a motion entitled "Demand the Court to Compel the Defendants Respond to Plaintiff's Truth Affidavit Point By Point Exact" on March 7, 2024. (Pl.'s Demand the Court ("Pl.'s Demand") (Doc. 31).) Defendant responded on March 27, 2024. (Def.'s Resp. to Pl. Demand ("Def.'s Resp.") (Doc. 32).)

Finally, Plaintiff filed a Motion for Default Judgment on May 31, 2024. (Pl.'s Mot. for Default Judgment ("Pl.'s Mot.") (Doc. 34).) Defendant responded on June 21, 2024. (Def.'s Resp. to Pl.'s Mot. ("Def.'s Resp.") (Doc. 35).)

## III. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556-57). When ruling on a motion to dismiss, this court accepts the complaint's factual allegations as true. See id. Additionally, this court liberally construes "the complaint, including all reasonable inferences therefrom, . . . in the plaintiff's favor." Est. of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted). This court does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Federal courts must liberally construe even "inartful" pro se complaints. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). However, these plaintiffs are still required to plead facts that

- 4 -

fairly put the defendant on notice of the nature of the claims against them and "contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

## IV. ANALYSIS

It bears noting that Plaintiff's complaint is largely incomprehensible. In an attempt to liberally construe the pro se complaint before it, this court has identified that Plaintiff asserts the following claims against Defendant: violation of 12 U.S.C. § 1431, violation of District of Columbia Code 28:3-303, breach of fiduciary duty, breach of contract, violation of the Federal Reserve Act of 1913, violation of the Bill of Exchange Act of 1882, violation of the Truth in Lending Act, violation of the Consumer Credit Protection Act, violation of the Civil Rights Act, a claim of "piercing the corporate veil," a claim of "negligence," and a claim of unfair and deceptive trade practices. (See generally "Am. Compl." (Doc. 11).) The court will address each claim in turn.

### A. Violation of District of Columbia Code 28:3-303 and 12 U.S.C. § 1431

Plaintiff alleges that Defendant "willfully neglected and denied Plaintiff's beneficial interest in all occurrences, pursuant to the **Code of the District of Columbia 28:3-303. Value**

- 5 -

**and consideration**, and pursuant to **12 USC 1431**." (Am. Compl. (Doc. 11) at 3.) Plaintiff has not explained why the law of the District of Columbia should apply to this lawsuit. Further, § 28:3-303 only defines terms and does not provide a private cause of action. <u>See</u> D.C. Code § 28:3-303. To the extent Plaintiff intended to assert a cause of action under this statute, it will be dismissed.

Plaintiff's claim under 12 U.S.C. § 1431 fares no better. This section of the United States Code explains the "powers and duties of banks." <u>See</u> 12 U.S.C. § 1431. Plaintiff does not explain, coherently, how Defendant violated this statute. Further, the statute does not provide a private cause of action. <u>See</u> <u>Kornegay v. Capital One</u>, 1:23-cv-1032, 2024 WL 1463794, at *2 (M.D.N.C. April 4, 2024); <u>Slocum v. Zen Realty</u>, No. 5:23-cv-550, 2024 WL 666329, at *2 (E.D.N.C. Feb. 16, 2024). Accordingly, this claim must also be dismissed.

### B. <u>Breach of Fiduciary Duty/Breach of Contract</u>

Plaintiff alleges that Defendant has breached its fiduciary duty to Plaintiff and breached a contract with Plaintiff. (Am. Compl. (Doc. 11) at 5, 7.) Fiduciary duties and contract law are governed by state law. Under North Carolina law, to establish a claim for breach of fiduciary duty, Plaintiff must allege that "(1) defendants owed them a fiduciary duty of care; (2)

- 6 -

defendants violated their fiduciary duty; and (3) this breach of duty was a proximate cause of injury to plaintiffs." French Broad Place, LLC v. Asheville Sav. Bank, S.S.B., 259 N.C. App. 769, 787, 816 S.E.2d 886, 899 (2018) (cleaned up).

Plaintiff fails to allege any of these elements plausibly. From the face of the complaint, it is unclear what kind of relationship between the parties, if any, existed. Even if the court assumes they were in a debtor-creditor relationship, (see Am. Compl. (Doc. 11) at 5 (noting the "alleged debt")), "[o]rdinary borrower-lender transactions . . . do not typically give rise to fiduciary duties." Dallaire v. Bank of Am., N.A., 367 N.C. 363, 368, 760 S.E.2d 263, 266–67 (2014). Plaintiff also fails to allege any identifiable breach of fiduciary duty. Because the elements of breach of fiduciary duty under North Carolina law have not been plausibly alleged, this claim will be dismissed.

Plaintiff also claims Defendant breached a contract. (Am. Compl. (Doc. 11) at 7.) To plausibly state a claim for breach of contract in North Carolina, a party necessarily must first allege the existence of a valid contract. See Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). Plaintiff has not identified any contract with Defendant. Even if this court assumes the parties had a credit/loan agreement contract,

Plaintiff has not alleged any facts tending to show Defendant violated that contract. Accordingly, this claim will be dismissed.

    C.    **Violation of the Federal Reserve Act**

Plaintiff also claims that Defendant has violated the Federal Reserve Act of 1913, Section 16 (specifically, Notes Issues, paragraphs 1, 2, and 6). (Am. Compl. (Doc. 11) at 3, 5.) Section 16 of the Federal Reserve Act governs when and how the Federal Reserve may issue advances to Federal reserve banks. See 12 U.S.C. §§ 411, 412, 416. However, "Plaintiff is an individual, not a banking institution, and he has failed to allege how he would be personally entitled to any relief under the identified subsections of the Federal Reserve Act." Mims v. Bank of Am., No. 6:23-cv-581, 2023 WL 8804324, at *1 (E.D. Tex. Dec. 20, 2023). Notably, Defendant is not even a Federal Reserve bank, but a non-profit credit union. (See Doc. 16-1 at 3.) Even further, section 16 of the Federal Reserve Act does not provide a private cause of action. See Yancey v. Fulton Fin. Corp., 1:23-cv-1791, 2024 WL 1344534, at *1 (E.D. Va. Mar. 8, 2024) ("Courts have routinely held that Section[] 16 . . . of the Federal Reserve Act do[es] not confer a private right of action."). Because Plaintiff does not have a cognizable right of

action under the alleged section of the Federal Reserve Act, this claim must be dismissed.

**D.  Violation of the Bill of Exchange Act**

Defendant has also alleged that Defendant violated the "Bill of Exchange Act of 1882." (Am. Compl. (Doc. 11) at 5.) There is no further citation. This appears to be a reference to an 1800s-era United Kingdom Act of Parliament. See, e.g., Slaughter v. US Cellular, No. 23-cv-1642, 2023 WL 9051307, at *3 (E.D. Wisc. Dec. 29, 2023). Plaintiff has not explained why he believes a United Kingdom law should apply to this case. Accordingly, this claim will be dismissed. See id.

**E.  Violation of Truth in Lending Act**

Plaintiff also claims that Defendant violated the Truth in Lending Act (TILA) for "not fully disclos[ing] . . . the type of accounts . . . that were opened by the Defendants/Creditors in the Plaintiff's name." (Am. Compl. (Doc. 11) at 6.) He does not cite to any specific provisions of the TILA, but in liberally construing this pro se complaint, this court will assume Plaintiff refers to 15 U.S.C. § 1640, which provides a private right of action. See 15 U.S.C. § 1640(a).

"TILA protects consumers by requiring certain disclosures. E.g., 15 U.S.C. § 1601(a)." El v. McGehee, No. 1:22-cv-03957, 2022 WL 16833490, at *2 (N.D. Ga. Oct. 4, 2022). Here, Plaintiff

- 9 -

argues that Defendant failed to disclose information regarding the account allegedly opened by Defendants in Plaintiff's name. (Am. Compl. (Doc. 11) at 5.) Plaintiff has not cited what provision of TILA requires such a disclosure. Further, he has not sufficiently identified what "account" he is referring to such that Defendant Navy Credit could even begin to understand his request. Plaintiff has not provided sufficient information regarding what he wanted Defendant to disclose nor what Defendant allegedly failed to disclose. Accordingly, this claim is dismissed.

    **F.**    <u>**Discrimination Claims**</u>

Plaintiff alleges that Defendant discriminated against him based on "Plaintiff's assumed on file race, color, national origin, income, sex marital status, age, and Good Faith exercising of the Plaintiff's rights." (Am. Compl. (Doc. 11) at 8.) Although he does not cite specific provisions, he appears to claim that this discrimination violates the Consumer Credit Protection Act of 1968 and the Civil Rights Act of 1964. (<u>See</u> <u>id.</u>)

With respect to his claim of a violation of the Consumer Credit Protection Act, this court will assume he is referring to 15 U.S.C. § 1691, which makes it unlawful for any creditor "to discriminate against any applicant . . . on the basis of race,

color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). Plaintiff has not alleged any facts to support the claim that Defendant discriminated against him on these grounds. Accordingly, this claim will be dismissed.

With respect to his claim of a Civil Rights Act of 1964 violation, Plaintiff has not cited a specific subsection of this Act, which contains many provisions. See Civil Rights Act of 1964, Pub. L. No. 88-352, 78 Stat. 241. Without knowing what provision of the Act Plaintiff refers to, this court cannot begin to analyze whether Plaintiff has plausibly stated a claim for relief. Further, as explained above, Plaintiff has not put forth any facts to support the claim that he was discriminated against based on race, color, national origin, income, sex, marital status, age, and the good faith exercising of his rights, as he alleges. Accordingly, these claims will be dismissed.

### G. Negligence, Unfair Trade Practices, and "Piercing the Corporate Veil" Claims

Plaintiff has additionally alleged that Defendant engaged in "negligence." (Am. Compl. (Doc. 11) at 8.) Merely alleging that the Defendant was "negligent" is a legal conclusion that this court need not accept. See Twombly, 550 U.S. at 555.

Plaintiff fails to state any particular facts in connection with this claim. This claim must be dismissed.

Plaintiff also alleges Defendant engaged in "Unfair and Deceptive Trade Practices." (Am. Compl. (Doc. 11) at 8.) He does not cite any statutes or caselaw, nor does he cite any instances of deception or unfair practices to support his claim. This will be dismissed.

Finally, to the extent plaintiff argues for a claim of "piercing the corporate veil," (see id.), this too must fail as a matter of law. "[P]iercing the corporate veil is not an independent cause of action and, instead, serves as 'a means of imposing liability on an underlying cause of action.'" <u>Landress v. Tier One Solar LLC</u>, 243 F. Supp. 3d 633, 649 (M.D.N.C. 2017) (quoting <u>Peacock v. Thomas</u>, 516 U.S. 349, 354 (1996)). Because Plaintiff has failed to allege any cognizable cause of action against Defendant, the question of whether to pierce the corporate veil is moot. This claim is dismissed.

## H. **Plaintiff's Final Series of Conclusory Allegations**

Plaintiff, in his final effort to locate a viable claim, inserts the following list of alleged wrongdoings by Defendants.

> The Defendants have knowingly and willfully neglected, dishonored, discriminated, defaulted Judgment/Aquiesences [sic], used deceptive Language, used unfair trading practices, forceful repayment tactics, unlawful disconnection of services, pierced the Corporate Veil by engaging in wrongful and

- 12 -

Case 1:23-cv-00975-WO-JEP   Document 36   Filed 09/27/24   Page 12 of 14

> fraudulent practices, conspired against, securities fraud, trust fraud, Identity theft, alter ego, willfully and knowingly dishonored and refused protocol of the following Acts, legalese/Commerce, Codes, and Statutes that the Defendants are Obligated to follow procedure of as listed; **the Securities and Exchange Act of 1934, Securities Act of 1933, Trust Indenture Act of 1939, the revised Consumer Protection Act of 2010, 12 USC 1431. Powers and duties of banks, UCC-3-205. Special Indorsement; Blank Indorsement; Anomalous Indorsement, Bill of Exchange Act of 1882, The Federal Reserve Act of 1913 Section 16. Notes Issues, paragraphs (1)(2)(6), UCC-3-603. Tender of Payment, Consumer Credit Protection Act of 1968, Civil Rights Act of 1964, and the Truth in Lending Act of 1968 (TILA).** Furthermore, Defendants collected extensions of the Plaintiff's credit by extortionate means as pursuant to **18 USC 894- Collection of extensions of credit by extortionate means. . . .**

(Am. Compl. (Doc. 11) at 8.) These assertions are all legal conclusions. Plaintiff does not explain how Defendant allegedly violated these statutes or rules of law. "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009). These "claims" are unsupported by any alleged facts and must be dismissed.

V.  **<u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

Plaintiff has moved for default judgment against Defendant. (Doc. 34.) Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has

- 13 -

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Default judgment is not appropriate here, where Navy Federal has consistently filed responsive pleadings and defended itself in this case. Plaintiff's motion for default judgment will be denied.

## VI. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 34), is **DENIED**. Defendant's Motion to Dismiss, (Doc. 16), is **GRANTED**. In light of this dismissal, Plaintiff's "Motion for Removal with Prejudice to Compel Arbitration," (Doc. 26), and Plaintiff's motion to "Demand the Court to Compel the Defendants Respond to Plaintiff's Truth Affidavit Point by Point Exact," (Doc. 31), are **DENIED as MOOT.**

A Judgment dismissing this action will be filed contemporaneously herewith.

This the 27th day of September, 2024.

_____
United States District Judge